IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 16-370-3 |
| | : | |
| MICHAEL PEREZ | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                           December 26, 2023

The United States Sentencing Commission recently recommended federal sentencing judges may reduce earlier sentences if the convicted defendant qualified as a "zero point" criminal history offender at sentencing. The Sentencing Commission recommended we reduce the offense level by two steps if the defendant then qualified as a "zero point" offender. But the Sentencing Commission does not allow us to lower the sentence retroactively to a term less than the minimum of the amended guidelines range now set with at a lower offense level.

We sentenced Michael Perez over six years ago to 160 months in prison. We varied downward from a recommended 210-262 months of incarceration. He now moves for reduction under the recent amendment to the Guidelines. He is a "zero point" offender based on his criminal history at sentencing under the amended sentencing guidelines. Mr. Perez's amended guideline range will allow us to now sentence him to 168-210 months in prison.

But he does not qualify for reduction as our sentence is lower than it would be under the revised guideline range. We deny his motion for reduction.

**I.      Background**

Our Grand Jury returned a three count second superseding indictment against Michael Perez charging his involvement in a cross-country distribution of multi-kilograms of cocaine from

Puerto Rico to Florida and Pennsylvania.[1] Mr. Perez pleaded guilty on January 27, 2017 to conspiracy to distribute five kilograms or more of cocaine, possession with intent to distribute, aiding and abetting the possession with intent to distribute, and distribution and aiding and abetting the distribution within 1,000 feet of a school.[2]

Mr. Perez presented an adjusted offense level of 37 and a criminal history category of 1 as a first-time offender. The United States Sentencing Guidelines range recommended we sentence Mr. Perez to 210-262 months of imprisonment. We sentenced Mr. Perez to 160 months of imprisonment and ten years of supervised release for Counts 1 and 3.[3] Mr. Perez is currently serving his sentence at the minimum-security facility in Yazoo City, Mississippi.

The United States Sentencing Commission issued Amendment 821 amending the Sentencing Guidelines as of November 1, 2023 allowing sentencing judges to reduce a defendant's offense level two points if the defendant did not receive any criminal history points at the time of sentencing.[4] This reduction may allow for less time in prison if it provides a benefit to the incarcerated person.

**II.     Analysis**

Mr. Perez now *pro se* seeks a reduction of sentence.[5] Mr. Perez argues the Sentencing Commission's Amendment 821 creating a two-point downward adjustment for "zero-point" criminal defendants requires we reduce his originally imposed offense level and reduce his sentence accordingly. But applying the two-point downward adjustment would not impact Mr. Perez's sentence because we applied the section 3553(a) factors to impose a 160-month sentence below his suggested guideline range and requested revised guideline range.

Congress allows us to modify Mr. Perez's term of imprisonment if the United States Sentencing Commission revised the Sentencing Guidelines lowering his original sentencing range

2

and the section 3553(a) factors support reducing Mr. Perez's term of imprisonment.[6] We cannot lower Mr. Perez's sentence "to a term that is less than the minimum of the amended guideline range."[7]

Mr. Perez presented a criminal offense level of 37 and a criminal history category of I when we sentenced him on June 6, 2017.[8] The Sentencing Commission then recommended 210-262 months imprisonment for an offense level of 37. We sentenced Mr. Perez to 160 months and ten years supervised release.[9] Applying the Sentencing Commission's "zero-point" offender status now amends Mr. Perez's criminal offense level to 35. The Sentencing Guidelines range for a criminal offense level of 35 is 168-210 months imprisonment. The Sentencing Commission's Policy statement 1B1.10(b)(2)(A) does not allow re-sentencing Mr. Perez below the 168-month low-end of his amended sentence range.

### III.   Conclusion

Michael Perez moves for a reduced sentence citing the Sentencing Commission's newly issued "zero-point" amendment. We sentenced Mr. Perez below both his original and amended sentencing range in June 2017. The Sentencing Commission does not recommend reducing Mr. Perez's 160-month sentence. We deny Mr. Perez's motion for reduction of sentence.

---

[1] ECF No. 65.

[2] ECF No. 82 at 1.

[3] ECF No. 127. We subsequently dismissed Count 2 because possession with intent to distribute is a lesser included offense of Count 3, distribution of 5 kilograms or more of cocaine within 1000 feet of a school.

[4] U.S.S.G. § 4C1.1.

[5] We referred Mr. Perez's *pro se* Motion to the Federal Community Defender Office for the Eastern District of Pennsylvania to determine whether it would seek appoint to represent Mr. Perez. ECF No. 202 ¶ 1. The Federal Community Defender Office did "not have anything to add" to his Motion and declined appointment after reviewing Mr. Perez's petition.

---

[6] 18 U.S.C. § 3582(c)(2).

[7] U.S.S.G. § 1B1.10(b)(2)(A).

[8] *See* ECF No. 127.

[9] *Id.* at 2-3